MARY HOWARD SPRINGS, ADMINISTRATRIX OF WILLIAM E. SPRINGS,
v. TALLASSEE POWER COMPANY.

(Filed 29 November, 1922.)

**Instructions—Evidence—Issues—Verdict Directing.**

> Requested prayers for instruction that the jury find the issues of negligence, contributory negligence, and assumption of risk in defendant's favor, "if they should find the facts from all the evidence considered in the light most favorable to the plaintiff," are properly refused, if the evidence on the issues is conflicting and sufficient to sustain verdicts in plaintiff's favor, in his action to recover damages for the wrongful killing of his intestate.

APPEAL by defendant from *Webb, J.,* at May Term, 1922, of UNION.

This is an action for the alleged negligent death of the plaintiff's intestate, who was killed by the electric current of the defendant company while painting the defendant's towers for transmission of its electric current. Verdict and judgment for plaintiff. Appeal by defendant.

*Slack, Parker & Craig for plaintiff.*
*E. T. Cansler, R. L. Smith, and John C. Sikes for defendant.*

CLARK, C. J. The usual issues, in such cases, of negligence, contributory negligence, and assumption of risk were submitted. The defendant asked the court to instruct the jury as to each of the three issues, severally, as follows: "If the jury shall find the facts from all the evidence considered in the light most favorable to the plaintiff, they will answer this issue 'No.'"

On appeal, the defendant abandons all exceptions except to the refusal of these instructions. Upon careful examination of the evidence, we find that there was sufficient evidence for the plaintiff to go to the jury upon each of these three propositions. There was evidence to the contrary on each of these issues, but that was a matter for the jury. In refusing the peremptory instructions asked we find

No error.